The Swift note, in reference to its relation to the notes of the respondents, was the primary security for the payment of Wilbur's debt to the appellant. The legal effect of the parol agreement entered into between the appellant and William Swift,c., in November, 1838, when the bond was accepted by the former as a substitute for the Swift note, was to make the bond, as between the parties to it, a collateral security for the notes of the respondents, and to extinguish the right of action of the appellant on the Swift note, and also to make the receipt by the appellant of the amount of that note from the respondents operate as a satisfaction of the bond. The appellant, by this agreement, and the acceptance of the bond as a substitute for the Swift note, changed the character of the indebtedness of the parties to that note from a primary to a secondary indebtedness, and deprived the respondents, in the event of their paying the Wilbur debt, of their right of subrogation to the original remedy of the appellant upon the Swift note, and thereby discharged their liability to the appellant as sureties for Wilbur and for the parties to the Swift note. The respondents having voluntarily paid to the appellant the *Page 343 
Wilbur debt, without notice of the parol agreement between the appellant and the Swifts, and having received from the appellant a transfer of the Swift note, and an assignment of the bond by virtue of their right of subrogation, the principal, if not the only real question in this case is, whether either the note or bond is an available security in the hands of the respondents. The determination of this question depends upon the decision of another, viz., whether evidence of the parol agreement which accompanied the execution and delivery of the bond was admissible as a defence to an action upon the bond. If this evidence went merely to show that the bond was given as collateral security for the payment of the notes of the respondents, it was admissible.
Parol evidence, to show the purpose and intent for which a security was executed, is not regarded as contradicting or varying its terms or legal effect. This principle was advanced by Judge JEWETT, with the concurrence of all his associates, inTruscott v. King (2 Seld., 147, 161). In that case a judgment had been confessed for a specific sum of money; and parol evidence was received to show that the judgment was given as a security for future advances.
From an early day it has been held, in courts of equity, that parol evidence was admissible to show that a deed absolute on its face was intended as a mortgage, and also that it was admissible to prove a resulting trust. (1 John. Ch. R., 594; 6 id., 417; 4 Seld., 416; 2 John. Ch. R., 409, 416; 2 Barb., 135; 5id., 153.)
Parol evidence is also admissible to show that one of several joint makers of a bond or note signed it as a surety, although there is nothing indicating it on the face of the instrument. This is clearly so in a court of equity. (2 Cow. Hill'sNotes, 1465, 1466.) And the rule is now well established that parol evidence is admissible to show that a deed, mortgage or other security was given as collateral security. (4 Seld., 416; 1 Hill, 629; 18 John., 169; 4 John. Ch. R., 118, 129.) The bond in question having been given as collateral *Page 344 
security for the notes of the respondents, evidence of the parol agreement would be admissible to show that the payment of the Wilbur debt by the respondents satisfied the bond. This evidence will not contradict the terms of the bond. It merely goes to show the purpose and intent for which it was given, and that it had been paid by the respondents, who were liable for the same debt.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.